IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LATASHA SANTIAGO | ) | CASE NO. |
| 22230 Euclid Ave #207 | ) | |
| Euclid, OH 44117 | ) | JUDGE: |
|       Plaintiff, | ) | |
| | ) | |
| | ) | |
|     v. | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **AND INJUNCTIVE RELIEF** |
| | ) | |
| HARRELL INSURANCE GROUP | ) | **(Jury Demand Endorsed Hereon)** |
| 301 Columbus St. | ) | |
| Bedford, OH 44146 | ) | |
| | ) | |
|     PLEASE ALSO SERVE | ) | |
|     STATUTORY AGENT | ) | |
|     Janet Williams | ) | |
|     301 Columbus St. | ) | |
|     Bedford, OH 44146 | ) | |
| | ) | |
|       Defendant. | ) | |

Plaintiff Latasha Santiago by and through undersigned counsel, as her Complaint against

Defendants, states and avers the following:

## PARTIES & VENUE

1. Santiago is a resident of Euclid, Cuyahoga County, Ohio.

2. Harrell Insurance Group, LLC is an Ohio Limited Liability Company.

3. Harrell is and, at all times hereinafter mentioned, was engaged in related activities performed

   through unified operation of common control for a common business purpose, and, at all times

   hereinafter mentioned, was an enterprise within the meaning of section 3(r) of the Fair Labor

   Standards Act.

4. At all times herein, Santiago was acting in the course and scope of her employment.



## JURISDICTION AND VENUE

5. Jurisdiction is proper over Defendants pursuant to 28 U.S.C. § 1331 in that Plaintiff is alleging a federal law claim arising under the FLSA, 29 U.S.C. § 201, *et seq*. Thus, this Court has original jurisdiction over the federal law claims asserted in this Complaint under 28 U.S.C. § 1331. Additionally, this Court has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367.

6. Venue is properly placed in the United States District Court for the Northern District of Ohio, Eastern Division, because it is the district court for the district, division, and county within which the Defendants operate and conduct business.

## FACTS

7. Santiago is a former employee of Harrell.

8. Harrell hired Santiago as a Customer Service Representative in or around September 2015.

9. Harrell stopped paying Santiago on or about November 13, 2015.

10. Santiago worked 80 hours for the two weeks prior to November 13, 2015.

11. Harrell agreed to compensate Santiago at a rate of $10 per hour.

12. During the months of September and October, 2015, Harrell compensated Santiago at the agreed upon rate of $10 per hour.

13. On November 13, 2015 Harrell owed Santiago $800 for the eighty hours that Santiago had worked during the two weeks prior.

14. Harrell paid Santiago $0 for the eighty hours that Santiago worked the two weeks prior to November 13, 2015.

15. On or about November 13, 2015, Santiago resigned her position with Harrell.

16. On or about November 13, 2015, Santiago demanded that Harrell pay her all wages due.

17. Harrell provided Santiago no compensation for work Santiago performed in November of 2015.

18. Harrell was legally required to pay Santiago at least the federal minimum wage for hours Santiago worked in November of 2015.

19. Harrell refused to pay Santiago at least the federal minimum wage for hours Santiago worked in November 2015.

20. In refusing to pay Santiago at least the federal minimum wage for hours Santiago worked in November of 2015, Harrell violated 29 U.S.C. § 206.

21. Harrell was legally required to pay Santiago at least the Ohio minimum wage for hours Santiago worked in November of 2015.

22. Harrell refused to pay Santiago at least the Ohio minimum wage for hours Santiago worked in November of 2015.

23. In refusing to pay Santiago at least the Ohio minimum wage for hours Santiago worked in November 2015, Defendants violated Ohio Rev. Code § 4111.

24. As a result of Defendants' violations of 29 U.S.C. § 206 and Ohio Rev. Code § 4111, Santiago suffered, and continues to suffer, pecuniary harm.

## <u>COUNT I: MINIMUM WAGE VIOLATIONS</u>

25. Santiago restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

26. An employment relationship existed between Santiago and Harrell.

27. Pursuant to Ohio Rev. Code § 4111 and 29 U.S.C. § 206, an employer must pay a non-exempt employee at least the statutorily required minimum wage for all hours worked.

28. Harrell refused to pay Santiago statutorily mandated minimum wages for hours Santiago worked for Harrell in November of 2015.

29. During the period that Harrell refused to pay Santiago minimum wages, Santiago was not exempt for the purposes of either Ohio Rev. Code § 4111 or 29 U.S.C. § 206.

The Employee's Attorney.™



30. As a direct and proximate result of Harrell's failure to pay Santiago her lawfully earned minimum wages, Santiago suffered damages.

31. Harrell willfully and/or intentionally violated R.C. § 4111 and 29 U.S.C. § 206.

32. Harrell acted in bad faith in violating R.C. § 4111 and 29 U.S.C. § 206.

33. As a result of Harrell's failure to pay Santiago her lawfully earned minimum wages, pursuant to R.C. § 4111, Harrell is liable to Santiago for the full amount of the minimum wage rate, and for costs and reasonable attorneys' fees as may be allowed by the Court.

34. As a result of Harrell's failure to pay Santiago her lawfully earned minimum wages, pursuant to 29 U.S.C. § 216(b), Harrell is liable to Santiago for the full amount of the overtime wage rate, an additional equal amount as liquidated damages, as well as costs and reasonable attorney fees.

## COUNT II: FAILURE TO MAKE SEMIMONTHLY WAGE PAYMENTS IN VIOLATION OF R.C. § 4113.15

35. Santiago restates each and every prior paragraph of this Complaint, as if it were fully restated herein.

36. Pursuant to R.C. § 4113.15 (A), "Every individual, firm, partnership, association, or corporation doing business in this state shall, on or before the first day of each month, pay all its employees the wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and shall, on or before the fifteenth day of each month, pay such employees the wages earned by them during the last half of the preceding calendar month."

37. Santiago demanded that Harrell pay her wages.

38. Harrell refused to pay Santiago her wages.

39. Harrell's conduct violated R.C. §4113.15.

40. As a direct and proximate result of Harrell's conduct, pursuant to R.C. § 4113.15(B), Harrell is liable to Santiago for her unpaid wages, and an amount equal to six per cent of the amount of the claim still unpaid and not in contest or disputed or two hundred dollars, whichever is greater.

The Employee's Attorney.™

## DEMAND FOR RELIEF

WHEREFORE, Plaintiff Latasha Santiago respectfully requests that this Honorable Court grant the following relief:

(a) An award against Defendant of compensatory and monetary damages to compensate Santiago for unpaid minimum wages and liquidated damages, in an amount in excess of $25,000 per claim to be proven at trial;

(b) An award of reasonable attorney's fees and costs for Santiago's claims as allowable under law;

(c) An award of such other relief as this Court may deem necessary and proper.

Respectfully submitted,

Claire I. Wade (0093174)
**THE SPITZ LAW FIRM, LLC**
25200 Chagrin Blvd., Suite 200
Beachwood, OH 44122
Phone: (216) 291-4744
Fax:    (216) 291-5744
Email: claire.wade@SpitzLawFirm.com

*Attorney For Plaintiff Latasha Santiago*

The Employee's Attorney.™



**<u>JURY DEMAND</u>**

Plaintiff Latasha Santiago demands a trial by jury by the maximum number of jurors permitted.

Claire I. Wade (0093174)

The Employee's Attorney.™

